## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:16-cr-00056-RJS-JCB** |
| **CHRISTOPHER KENNETH FLYNN,** | **Chief District Judge Robert J. Shelby** |
| **Defendant.** | **Magistrate Judge Jared C. Bennett** |

Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court are Defendant Christopher Kenneth Flynn's ("Mr. Flynn"): (I) motion to compel,[3] and (II) motion for severance of drug and firearm counts.[4] The court has carefully reviewed the parties' written memoranda. Under DUCrimR 12-1(i), the court concludes that oral argument is not necessary and, therefore, decides the motions on the written memoranda. Based upon the analysis set forth below, the court denies both motions.

---

[1] ECF No. 50.

[2] ECF No. 413.

[3] ECF No. 519.

[4] ECF No. 526.

## PROCEDURAL BACKGROUND

On February 10, 2016, The United States of America ("United States") charged Mr.

Flynn in a superseding indictment with: (1) conspiracy to distribute methamphetamine under 21

U.S.C. § 846; (2) conspiracy to distribute heroin under 21 U.S.C. § 846; (3) conspiracy to

distribute cocaine under 21 U.S.C. § 846; (4) possession of a firearm in furtherance of a drug

trafficking crime under 18 U.S.C. § 924(c)(1)(A); and (5) possession of a firearm by a felon

under 18 U.S.C. § 922(g)(1).[5] On February 26, 2020, after the trial date in this matter had been

continued numerous times and all of Mr. Flynn's co-defendants had entered guilty pleas, the

United States charged Mr. Flynn in a second superseding indictment with: (1) conspiracy to

distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and 846; (2) conspiracy to distribute

heroin under 21 U.S.C. §§ 841(a)(1) and 846; (3) possession of a firearm in furtherance of a drug

trafficking crime under 18 U.S.C. § 924(c)(1)(A); and (4) possession of a firearm by a felon

under 18 U.S.C. § 922(g)(1).[6] After the second superseding indictment was filed, Mr. Flynn's

trial was again continued several more times. Mr. Flynn's trial is currently scheduled to begin on

February 1, 2022,[7] and a final pretrial conference is scheduled for December 16, 2021.[8] Mr.

Flynn filed the motions before the court on November 29, 2021.

---

[5] ECF No. 21.

[6] ECF No. 371.

[7] ECF No. 507.

[8] ECF No. 508.

## <u>ANALYSIS</u>

### I.      Motion to Compel

Mr. Flynn moves to compel the United States to produce certain discovery. Importantly, Mr. Flynn's motion does not contain any argument or supporting legal authority. The motion simply states, without any justification, that the United States has failed to produce certain discovery and then lists twenty-two separate items of discovery to which he believes he is entitled. Nevertheless, as the United States notes in its response to Mr. Flynn's motion, the United States' discovery obligations are governed by Fed. R. Crim. P. 16, case law,[9] and statutes.[10] Although Mr. Flynn fails to identify any authority supporting his entitlement to the discovery he seeks, the relevant authority governing his discovery requests is Rule 16(a)(1)(E), which provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.[11]

---

[9] *See, e.g.*, *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963).

[10] *See, e.g.*, 18 U.S.C. § 3500 (Jencks Act).

[11] Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii).

Although the United States is obligated to comply with that rule, "Rule 16 does not authorize a blanket request to see the prosecution's file" and does not permit "'any broad or blind fishing expedition.'"[12]

Mr. Flynn does not assert that the discovery he requests from the United States "was obtained from or belongs to" him.[13] Thus, to be discoverable under Rule 16(a)(1)(E), the discovery Mr. Flynn seeks must be either "material to preparing the defense" or discovery the United States "intends to use . . . in its case-in-chief at trial" *and* in the "possession, custody, or control" of the United States.[14] As demonstrated below: (A) Mr. Flynn fails to carry his burden of showing that the requested discovery is material to preparing his defense; and (B) based upon the United States' representations, it does not intend to use any of Mr. Flynn's requested discovery in its case-in-chief. For those reasons alone, Mr. Flynn's requested discovery is not discoverable under Rule 16(a)(1)(E) because he does not establish any of the requirements of Rule 16(a)(1)(E)(i)-(iii). However, even if Mr. Flynn had satisfied any of those elements, his requested discovery would still not be discoverable under Rule 16(a)(1)(E) because: (C) based upon the United States' representations, Mr. Flynn's requested discovery either has been provided to him by the United States or is not in the United States' possession, custody, or control. For those reasons, which the court discusses in turn below, the court denies Mr. Flynn's motion to compel.

---

[12] *United States v. Maranzino*, 860 F.2d 981, 985 (10th Cir. 1988) (quoting parenthetically *Jencks v. United States*, 353 U.S. 657, 667 (1957)).

[13] Fed. R. Crim. P. 16(a)(1)(E)(iii).

[14] Fed. R. Crim. P. 16(a)(1)(E)(i)-(ii).

**A.    Mr. Flynn Fails to Carry His Burden of Showing That the Requested Discovery Is Material to Preparing His Defense.**

Mr. Flynn fails to demonstrate materiality under Rule 16. Under Rule 16(a)(1)(E)(i),

"[t]he defendant bears the burden to make a prima facie showing of materiality."[15]

> "A general description of the item will not suffice; neither will a conclusory argument that the requested item is material to the defense. Rather, the defendant must make a specific request for the item together with an explanation of how it will be helpful to the defense. The defendant must show more than that the item bears some abstract logical relationship to the issues in the case . . . ."[16]

Mr. Flynn's motion fails to contain any of the required descriptions or explanations necessary to demonstrate materiality. Therefore, he has not carried his burden of establishing a prima facie case of materiality under Rule 16(a)(1)(E)(i).

**B.    The United States Does Not Intend to Use Any of Mr. Flynn's Requested Discovery in Its Case-In-Chief.**

The United States represents that it does not intend to use any of the discovery requested in Mr. Flynn's motion in its case-in-chief. In support of that representation, the United States indicates that it has previously disclosed the statements it intends to use against Mr. Flynn at trial, most recently in January 2021. The United States also indicates that it has previously disclosed its exhibit list and a copy of the non-physical exhibits it intends to use at trial. According to the United States, none of the information Mr. Flynn requests is included within those disclosures. The court has no reason to question the veracity of the United States'

---

[15] *United States v. Simpson*, 845 F.3d 1039, 1056 (10th Cir. 2017).

[16] *United States v. King*, No. 19-CR-257-WJM, 2021 WL 4441514, at *3 (D. Colo. Sept. 28, 2021) (alteration in original) (quoting *United States v. Jordan*, 316 F.3d 1215, 1250 (11th Cir. 2003)) (other quotation marks omitted).

representations. Because the United States does not intend to use Mr. Flynn's requested

discovery in its case-in-chief, that information is not discoverable under Rule 16(a)(1)(E)(ii).

### C.      Mr. Flynn's Requested Discovery Either Has Been Provided to Him by the United States or Is Not in the United States' Possession, Custody, or Control.

The two reasons previously discussed are, by themselves, grounds for denying Mr.

Flynn's motion. But even if Mr. Flynn had shown that his requested discovery was material to his

defense or was intended to be used by the United States in its case-in-chief, the court would still

deny his motion because, as shown below, Mr. Flynn's requested discovery either has been

provided to him by the United States or is not in the United States' possession, custody, or

control.

In its response to Mr. Flynn's motion to compel, the United States provides itemized

responses to Mr. Flynn's discovery requests. According to those responses, the United States

represents that it either has previously provided Mr. Flynn with the requested discovery or does

not have responsive information in its possession, custody, or control. Again, the court has no

reason to doubt those representations. To the extent that Mr. Flynn requests discovery that is not

in the United States' possession, custody, or control, the United States is not required to respond

to those requests under Rule 16(a)(1)(E). Indeed, "there is no 'affirmative duty upon the

government to take action to discover information which it does not possess.'"[17] "Nor is the

---

[17] *United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991) (quoting *United States v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975)).

United States required to secure information from third parties."[18] Therefore, for that additional reason, the court denies Mr. Flynn's motion to compel.

## II.    Motion for Severance of Drug and Firearm Counts

Mr. Flynn's motion to sever the drug and firearms counts fails because he cannot meet the requirements of Fed. R. Crim. P. 14(a). To understand Rule 14's requirements, the court must first consider the joinder of these offenses together in the second superseding indictment. Fed. R. Crim. P. 8(a) allows for two or more offenses to joined together for a single trial "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." At the same time, Rule 14(a) provides, in relevant part, that "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trials of counts . . . or provide any other relief that justice requires." "The decision whether to grant or deny severance is in the sound discretion of the district court and will not be disturbed on appeal unless there is an affirmative showing of abuse of discretion."[19] "The defendant bears a heavy burden of showing real prejudice from the joinder of [multiple] counts."[20]

Mr. Flynn attempts to carry this heavy burden by arguing that evidence of his prior convictions[21] "are inflammatory to jurors" and that "it is an infinite stretch to argue[] . . . that

---

[18] *United States v. DeLeon*, 426 F. Supp. 3d 1034, 1054 (D.N.M. 2019).

[19] *United States v. Martin*, 18 F.3d 1515, 1517 (10th Cir. 1994).

[20] *Id.* at 1518 (quotations and citations omitted).

[21] The United States indicates that it intends to use certified documents from two of Mr. Flynn's state criminal cases showing that he was convicted of drug-related felonies and, therefore, knew that he had been convicted of a felony when he possessed a firearm. *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (requiring, in a prosecution for possession of a firearm by a felon, that

[Mr. Flynn]'s prior convictions that are needed to convict him of [the count for felon in possession of a firearm] are part of the same act or transaction or are connected as a common scheme or plan in his alleged dealings in the charged conspiracies."[22] Mr. Flynn also contends that "the prejudicial effects of the convictions are palpable" because "[t]he jury will quickly reach the conclusion that [he] is a bad and dangerous person, a convicted felon[,] and also a person who has a drug history."[23]

Mr. Flynn fails to carry his heavy burden of showing that real prejudice will result if the counts in the second superseding indictment are not severed because the relationship among the drug-related counts and the count of possession of a firearm by a felon grew out of Mr. Flynn's conduct. The United States Court of Appeals for the Tenth Circuit has held that a district court does not abuse its discretion when it denies a motion to sever a count for possession of a firearm by a felon with other counts, including drug-related counts, when the relationship of the counts is the result of the defendant's own conduct.[24] The Tenth Circuit has also held that "the mere fact

---

the United States "prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm").

[22] ECF No. 395 at 2-3. Mr. Flynn's motion for severance does not contain argument but instead adopts the arguments set forth in a memorandum in support of a previous motion for severance filed by Mr. Flynn's prior counsel. ECF No. 526 at 1-2 (adopting the arguments set forth in ECF No. 395).

[23] ECF No. 395 at 3.

[24] *United States v. Colonna*, 360 F.3d 1169, 1178 (10th Cir. 2004) (concluding that the district court did not abuse its discretion in denying a motion to sever counts for a felon in possession of firearms and ammunition from a drug-related count where "the relationship of the charges clearly grew out of [the defendant]'s own conduct"), *overruled on other grounds by United States v. Little*, 829 F.3d 1177, 1182 (10th Cir. 2016); *United States v. Jones*, 213 F.3d 1253, 1261 (10th Cir. 2000) (concluding that the district court did not abuse its discretion in denying a motion to sever a count for a felon in possession of firearms from other counts where the "the relationship

that a defendant may have a better chance for acquittal by separate trials of charges is not sufficient to require severance."[25]

Here, the United States indicates that it will offer evidence at trial showing that Mr. Flynn repeatedly obtained drugs on credit from one of his co-defendants and paid down his debts with firearms rather than money. For example, the United States indicates that it will offer evidence at trial showing that the firearm that is the subject of the count for felon in possession of a firearm was possessed by Mr. Flynn and given to one of his co-defendants in a transaction to satisfy drug debts and that said transaction forms the basis for the count for possession of a firearm in furtherance of a drug trafficking crime. Based upon that example and the other evidence the United States indicates it will offer at trial, the relationship among the count for felon in possession of a firearm and the drug-related counts clearly grew out of Mr. Flynn's own conduct. Furthermore, to the extent Mr. Flynn argues that the counts must be severed because separate trials would give him a better chance at being acquitted on any of the counts, the Tenth Circuit has repeatedly rejected that as a valid argument to sever counts under Rule 14. For those reasons, the court denies Mr. Flynn's motion to sever.[26]

---

of the charges clearly grew out of [the defendant's] own conduct"); *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983) (concluding that the district court did not abuse its discretion in denying a motion to sever counts for a felon in possession of a firearm from drug-related counts because the appellate court was "not persuaded that unfair prejudice resulted here since relationship of the charges grew out of the defendant's own conduct").

[25] *Valentine*, 706 F.2d at 290.

[26] The court also notes that there are less drastic alternatives that would cure any prejudice alleged in Mr. Flynn's motion to sever—namely, a stipulation to his prior felony convictions or a limiting instruction. To that end, the United States proposes those alternatives in its response to Mr. Flynn's motion to sever. Importantly, the Tenth Circuit has noted that those alternatives can cure any prejudice alleged in a motion to sever. *Jones*, 213 F.3d at 1261 (concluding that the

## **ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1.      Mr. Flynn's motion to compel[27] is DENIED.

2.      Mr. Flynn's motion for severance of drug and firearm counts[28] is DENIED.

IT IS SO ORDERED.

DATED December 13, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

district court did not abuse its discretion in denying a motion to sever where a limiting instruction was given to the jury and the defendant "stipulated to a prior felony conviction, thereby shielding the jury from the prejudicial details of [the defendant's] prior activities"); *United States v. Strand*, 617 F.2d 571, 575-76 (10th Cir. 1980) (concluding that the trial court did not err in denying a motion to sever where a limiting instruction was given to the jury indicating that each count must be given separate consideration); *United States v. Roe*, 495 F.2d 600, 604 (10th Cir. 1974) (finding no abuse of discretion in the district court's refusal to grant a severance because "[t]he court's instruction limiting the consideration of proof of the previous conviction to the third count, together with similar reference in the general instructions, was adequate to protect the accused from prejudice on the first two counts"). This court need not reach those issues here, however, because it is up to Mr. Flynn to determine whether to stipulate to his prior felony convictions, and whether a limiting instruction is given to the jury is an issue for Chief Judge Shelby to later decide.

[27] ECF No. 519.

[28] ECF No. 526.