IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER KENNETH FLYNN,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>2:16-cr-00056-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Defendant Christopher Kenneth Flynn's Motion for Hearing Because the Trial Transcripts are Not Verbatim.[1] For the reasons explained below, the Motion is DENIED.

## RELEVANT PROCEDURAL HISTORY[2]

On February 10, 2016, Flynn and five other Defendants were charged with Conspiracy to Distribute Methamphetamine under 21 U.S.C. § 846, Conspiracy to Distribute Heroin under 21 U.S.C. § 846, Conspiracy to Distribute Cocaine under 21 U.S.C. § 846, Possession of a Gun in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 924(c)(1)(A), and Possession of a Firearm by a Prohibited Person under 18 U.S.C. § 922(g)(1).[3] After a number of continuances and other delays,[4] the United States obtained a Second Superseding Indictment on February 26,

---

[1] Dkt. 744.

[2] The court assumes the parties' familiarity with the underlying facts of Flynn's criminal charges given the age and procedural posture of this longstanding case. For that reason, the court will only recite the procedural history relevant to the instant Motion.

[3] *Id.* (Counts 1, 2, 3, 6, 9).

[4] *See* Dkt. 9 (appointment of Attorney Scott C. Williams for Flynn); Dkt. 61 (Order Granting Motion to Substitute Attorney Michael J. Boyle); Dkt. 139 (Minute Entry granting Boyle's Motion to Withdraw and appointing CJA counsel David Shapiro for Flynn); Dkt. 256 (Notice of Attorney Appearance of David V. Finlayson); Dkt. 268 (Minute Entry granting Finlayson's Motion to Withdraw and appointing CJA Counsel Joel Kittrell); Dkt. 279

2020, omitting the names of the other Defendants who had pleaded guilty, dropped the Conspiracy to Distribute Cocaine count, and otherwise charged Flynn with identical charges.[5]

Unfortunately, the advent of COVID-19 in March 2020 meant Flynn's trial date had to be continued an additional two years due to the pandemic.[6] Following subsequent Motions to Continue,[7] and changes in counsel,[8] Flynn proceeded to trial pro se with the help of standby counsel. Trial was scheduled for July 26, 2022.[9]

---

(Flynn's pro se Motion to Re-Appoint Counsel), Dkt. 282 (Minute entry appointing CJA counsel Fred Metos as co-counsel to Joel Kittrell); Dkt. 300 (Order granting Motion to Substitute Bel-Ami de Montreux).

Excluding motions filed by other Defendants, Flynn has filed Motions to Continue fourteen times. *See* Dkt. 67 (Motion to Continue Trial); Dkt. 202 (Motion to Continue Trial); Dkt. 262 (Motion to Continue Trial); Dkt. 271 (Motion to Continue Trial); Dkt. 275 (Motion to Continue Trial); Dkt. 286 (Motion to Continue Trial); Dkt. 299 (Motion to Strike or Reset Deadlines and Trial Date); Dkt. 312 (Motion to Continue Trial); Dkt. 335 (Motion for extension of time to file pretrial motions) and Dkt. 341 (Minute entry granting Motion and vacating trial date). The court has uniformly granted those motions, recognizing the difficulty new counsel faced in reviewing the voluminous discovery in this case.

[5] *See* Dkt. 371 (Second Superseding Indictment) (bringing one count of Conspiracy to Distribute Methamphetamine under 21 U.S.C. § 841(a)(1) and 846 and punishable pursuant to 21 U.S.C. § 841(b)(1)(A), one count of Conspiracy to Distribute Heroin under 21 U.S.C. § 841(a)(1) and 846 and punishable pursuant to 21 U.S.C. § 841(b)(1)(A), one count of Possessing a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A), and one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1)).

[6] *See* Dkt. 388 (Order Excluding Time Under the Speedy Trial Act and Setting New Trial Date); Dkt. 415 (Order to Continue – Ends of Justice); Dkt. 420 (Order Excluding Time Under the Speedy Trial Act); Dkt. 431 (Order to Continue – Ends of Justice); Dkt. 478 (Order to Continue – Ends of Justice); Dkt. 491 (Order Excluding Time under the Speedy Trial Act); Dkt. 499 (Order Excluding Time Under the Speedy Trial Act); Dkt. 583 (Order to Continue) at 2.

[7] *See* Dkt. 443 (Motion to Continue Trial); Dkt. 476 (Stipulated Motion to Continue Trial); Dkt. 489 (Stipulated Motion to Continue Trial); Dkt. 497 (Stipulated Motion to Continue Trial).

[8] *See* Dkt. 407 (Order Granting Motion to Substitute Michael J. Boyle); Dkt. 562 (Minute Entry for Faretta Hearing, granting Motion to Withdraw and allowing Flynn to proceed pro se with the assistance of standby counsel).

[9] *Id.* at 5.

Flynn's jury trial began as scheduled and lasted seven days.[10] On August 3, 2022, the jury returned a guilty verdict on all four counts.[11] At the end of trial, the court gave Flynn until Friday September 2, 2022 (thirty days) to file post-trial motions.[12]

On August 24, 2022, Flynn filed a Motion for Assistance to Get Transcripts, explaining that the "transcripts is of dire need to continue the post-trial process" and "prepare for sentencing."[13] Noting his indigent and pro se status, Flynn stated he needed the court's assistance to get a copy of the court filings and trial transcript.[14] Magistrate Judge Jared C. Bennett issued an Order on August 30, 2022, granting in part Flynn's Motion for Assistance to Get Transcripts.[15] Judge Bennett granted the Motion as to the trial transcript and ordered a hard copy of the transcript be sent to Flynn with associated costs paid for by Criminal Justice Act funds.[16]

On October 25, 2022, Flynn filed the present "Motion for an immediate hearing because the trial transcripts are not verbatim."[17] The court now turns to the Motion.

## ANALYSIS

Flynn proceeds pro se. While the court "liberally construe[s] pro se pleadings," "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements

---

[10] *See* Dkt. 658 (Minute Entry for Trial Day 1, July 26, 2022); Dkt. 659 (Minute Entry for Trial Day 2, July 27, 2022); Dkt. 668 (Minute Entry for Trial Day 3, July 28, 2022); Dkt. 669 (Minute Entry for Trial Day 4, July 29, 2022); Dkt. 670 (Minute Entry for Trial Day 5, August 1, 2022); Dkt. 671 (Minute Entry for Trial Day 6, August 2, 2022); Dkt. 672 (Minute Entry for Trial Day 7, August 3, 2022).

[11] *See* Dkt. 673.

[12] Dkt. 731 (Official Transcript of Jury Trial Vol. VII) at 155.

[13] Dkt. 692 (Motion for the Court's Assistance with the Production of the Defendant's Court and Trial Transcripts).

[14] *Id.*

[15] Dkt. 697 (Order).

[16] *Id.* at 1–2.

[17] Dkt. 744 (Motion for Hearing Because the Trial Transcripts are Not Verbatim).

of the Federal Rules."[18]  Additionally, when a criminal defendant "intelligently and voluntarily waive[s] his Sixth Amendment right of active participation and assistance of trial counsel," that defendant receives "no greater rights than a litigant represented by the lawyer, and the trial court is under no obligation to become an advocate or to assist and guide the pro se layman through the trial thicket."[19]

In his Motion, Flynn asks the court for a hearing and requests the court produce at the hearing a file containing "an accurate copy of the audio and video of the trial."[20]  Flynn argues he "knows the questions asked and answered" at trial and asserts "the transcripts do not have the questions or answers on them," which, according to Flynn, "is against the law and his constitutional rights will be violated."[21]  Because Flynn is actively preparing replies to post-trial motions, he requests an immediate hearing to obtain "an accurate copy of a verbatim transcript."[22]

Although the Motion is styled as a Motion for Hearing, its central focus is to obtain the audio and video of the trial.  Because Flynn is pro se, the court construes the Motion as one to access trial recordings.  And, in the interest of time, the court foregoes a hearing to provide Flynn with this Order before his deadline for filing replies in support of his post-trial motions expires.

---

[18] *Ogden v. San Juan Cnty.,* 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted); *see also United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019) (applying same standard to pro se criminal defendant).

[19] *United States v. White*, 68 F. App'x 870, 874–75 (10th Cir. 2003) (citing *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977)).

[20] Dkt. 744 at 1.

[21] *Id.* at 2.

[22] *Id.* at 1–2.

The public, including litigants, have a common law right to access, inspect, and copy judicial records.[23] But "the right is not absolute."[24] It entitles individuals only to a copy of the original record filed in court which, depending on the circumstances, is typically either a transcript or an electronic recording.[25]

The Court Reporters Act requires a record of all criminal proceedings held in open court.[26] The court reporter is required to produce the record with an official certificate affixed, and promptly file it.[27] The filing consists of a certified transcript unless the proceedings "have been recorded by electronic sound recording . . . and the original records so taken have been certified . . . and filed with the clerk."[28] "In other words, the court reporter must file *either* a transcript *or* an electronic recording. A litigant is not automatically entitled to both."[29]

This is because the official, filed transcript is presumptively an accurate record of the proceedings.[30] When a transcript exists, access to electronic recordings is possible if "some reason is shown to distrust the accuracy of the stenographic transcript."[31] However, a party's personal recollections, standing alone, do not provide a sufficient basis to dispute the accuracy of

---

[23] *See, e.g.*, *Smith v. U.S. Dist. Ct. Officers*, 203 F.3d 440, 441 (7th Cir. 2000); *In re Pratt*, 511 F.3d 483, 485 (5th Cir. 2007).

[24] *Pratt*, 511 F.3d at 485.

[25] *See United States v. Austin*, 954 F.3d 877, 879 (6th Cir. 2020).

[26] 28 U.S.C. § 753(b).

[27] *Id.*

[28] *Id.*

[29] *Austin*, 954 F.3d at 879 (citing 6 Guide to Judiciary Policy § 290.20.20(c)(1)). In some circumstances, a court may file an electronic recording *and* a transcript as part of the original record, thus entitling litigants to both. *See Smith*, 203 F.3d at 442. However, this is not required by the Court Reports Act and is not representative of the facts at hand, as will be explained. *See* 28 U.S.C. § 753(b).

[30] 28 U.S.C. § 753(b).

[31] *Smith*, 203 F.3d at 442; *see also Pratt*, 511 F.3d at 485; *Moreno v. United States*, 834 F. App'x 474, 475 (10th Cir. 2021).

an official transcript and require access to recordings.[32] "[P]arties, attorneys, and judges often misremember what was said in a court proceeding[.]"[33]

Flynn is not entitled to electronic recordings of the trial. The court reporter produced a certified, written transcript and filed it as the official record of the proceedings.[34] Thus, Flynn is entitled to that transcript, which he has received.[35] To obtain access to the electronic recordings, Flynn must adequately dispute the official transcript.[36] He has failed to do so. Flynn's unsubstantiated assertion—based on his own recollections—that the transcript is "missing questions asked and answers"[37] fails to rebut the presumption of accuracy afforded the official transcript.[38]

Thus, the Motion for Hearing Because the Trial Transcripts are not Verbatim[39] is DENIED.

SO ORDERED this 1st day of November, 2022.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[32] *See, e.g., Choy v. Comcast Cable Commc'ns, LLC*, 629 F. App'x 362, 366–67 (3d Cir. 2015); *Morena v. United States*, 834 F. App'x 474, 475–76 (10th Cir. 2021); *YHWHnewBN v. Bd. of Educ.*, 173 F. App'x 518, 520 (7th Cir. 2006).

[33] *Moreno*, 834 F. App'x at 476.

[34] *See* Dkt. 709 (Official Transcript of Jury Trial Vol. III); Dkt. 710 (Official Transcript of Jury Trial Vol. IV); Dkt. 711 (Official Transcript of Jury Trial Vol. VI); Dkt. 728 (Official Transcript of Jury Trial Vol. I); Dkt. 729 (Official Transcript of Jury Trial Vol. II); Dkt. 730 (Official Transcript of Jury Trial Vol. V); Dkt. 731 (Official Transcript of Jury Trial Vol. VII).

[35] Dkt. 742 (docket entry indicating standby counsel delivered transcript to Flynn).

[36] *Austin*, 954 F.3d at 879.

[37] Dkt. 744 at 1.

[38] *See, e.g., Choy*, 629 F. App'x at 366–67.

[39] Dkt. 744.