IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER KENNETH FLYNN,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO OVERTURN THE JURY'S VERDICT [Dkt. 685], DENYING MOTIONS FOR MISTRIAL [Dkt. 691 & Dkt. 695], AND DENYING MOTION FOR NEW TRIAL [Dkt. 800]**<br><br>Case No. 2:16-cr-00056-RJS<br><br>Chief District Judge Robert J. Shelby |

Before the court is Defendant Christopher Kenneth Flynn's Motion to Overturn the Jury's Verdict of Guilty to a Verdict of Not Guilty on All Counts or at Least Make the Right Decisions,[1] Motion for a Mistrial [Because] the Court and Prosecution Committed an Important Legal Error,[2] Motion for a Mistrial Because Agent Robert Guillen Testified he Does not Recall the Alleged Confession but was Granted by the Court to Allow his Testimony About it in Front of the Jury,[3] and Motion for New Trial or Motion to Dismiss Indictment Because the Court and Prosecution Committed a Legal Error.[4]  For the reasons explained below, the Motions are DENIED.

---

[1] Dkt. 685, *Motion to Overturn the Jury's Verdict of Guilty to a Verdict of Not Guilty on All Counts or at Least Make the Right Decisions* (*Motion to Overturn*).

[2] Dkt. 691, *Motion for a Mistrial* [*Because*] *the Court and Prosecution Committed an Important Legal Error* (*Motion for Mistrial I*).

[3] Dkt. 695, *Motion for Mistrial Because Agent Robert Guillen Testified he Does not Recall the Alleged Confession but was Granted by the Court to Allow his Testimony About it in Front of the Jury* (*Motion for Mistrial II*).

[4] Dkt. 800, *Motion for New Trial or Motion to Dismiss Indictment Because the Court and Prosecution Committed a Legal Error* (*Motion for New Trial*).

1

## BACKGROUND AND PROCEDURAL HISTORY[5]

In August 2022, Flynn was convicted by a jury of two counts of conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1); one count of possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c); and one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).[6]  At trial, the United States presented wiretapped phone conversations and text messages between Flynn and his coconspirators, direct testimony from coconspirators, and testimony from law enforcement officers involved in the investigation.[7]  Flynn, representing himself, proceeded on a theory that Hiram Gamaliel Perez-Tapia—a coconspirator testifying against him—was a liar,[8] wiretap and phone ping data presented by the United States was plagued with inconsistencies,[9] federal officers never saw Flynn deal drugs, and law enforcement officers provided conflicting testimony.[10]

---

[5] Given the parties' familiarity with the underlying facts of this longstanding case, the court will present only those facts necessary to establish context before turning to the pending Motions.  More detailed facts will be provided as necessary in analyzing the issues below.  A more comprehensive background can also be found in the companion Orders resolving Flynn's other post-trial motions.  *See* Dkt. 820, *Memorandum Decision and Order Denying [Dkt. 680] Motion for New Trial*; Dkt. 821, *Memorandum Decision and Order Denying [Dkt. 681] Motion to Dismiss Indictment/Information, Denying [Dkt. 684] Motion to Lower the Conspiracy Quantities of Drugs, Denying [Dkt. 702] Motion for Mistrial*.

[6] Dkt. 673.

[7] *See* Dkt. 659, *Minute Entry*: Trial Day 2, July 27, 2022; Dkt. 668, *Minute Entry*: Trial day 2, July 27, 2022; Dkt. 668, *Minute Entry*: Trial Day 3, July 28, 2022; Dkt. 669, *Minute Entry*: Trial Day 4, July 29, 2022; Dkt. 670, *Minute Entry*: Trial Day 5, Aug. 1, 2022; Dkt. 671, *Minute Entry*: Trial Day 6, Aug. 2, 2022.

[8] Dkt. 731, *Trial Transcript Day 7* at 1231.

[9] *Id.* at 1245.

[10] *Id.* at 1238–43.

Following his conviction, Flynn filed eleven post-trial motions.[11] The court denied three of these at a hearing on December 22, 2022.[12] One motion was denied as moot in a docket text order.[13] The court permitted Flynn to file supplemental briefs in support of the remaining motions after he had an opportunity to review the trial transcript.[14] Flynn did so for several of the motions.[15] On June 5, 2023, he also filed a Motion for a New Trial or Motion to Dismiss Indictment Because the Court and Prosecution Committed a Legal Error.[16] This was an additional post-trial motion raising a new argument, not a supplemental brief supporting one of the existing motions.

With briefing complete—and finding oral argument will not be materially helpful—the court has been issuing decisions on Flynn's post-trial motions. Due to the number of motions, the court has taken them up in separate companion orders.[17] This Order addresses only the Motion to Overturn the Jury's Verdict,[18] the Motion for a Mistrial [Because] the Court and

---

[11] Dkt. 680, *Motion for New Trial and/or Dismissal of the Case*; Dkt. 681, *Motion to Dismiss the Indictment Because the Evidence at Trial Prove a Fatal Variance from the Indictment*; Dkt. 682, *Motion for a New Trial and to Suppress All Evidence Handled by Agent Amy Deneff*; Dkt. 684, *Motion to Lower the Conspiracy Quantities of Drugs in Count One and Count Two*; Dkt. 685, *Motion to Overturn the Jury's Verdict of Guilty to a Verdict of Not Guilty on All Counts or At Least Make the Right Decisions*; Dkt. 688, *Motion to Suppress Wiretap Evidence and All Fruits Derived Therefrom*; Dkt. 689, *Motion to Unstrike Motion to Suppress*; Dkt. 691, *Motion for a Mistrial the Court and Prosecution Committed an Important Legal Error*; Dkt. 693, *Motion for Mistrial Based on Juror Misconduct for Falling Asleep During Testimony*; Dkt. 695, *Motion for Mistrial because Agent Guillen Testified He Does Not Recall the Alleged Confession but was Granted by the Court to Allow His Testimony About It In front of the Jury*; Dkt. 702, *Motion for Mistrial because the United States Informed the Jury of a Pay-owe Sheet that was Never Admitted Into Evidence*.

[12] Dkt. 783, *Minute Entry for Dec. 22, 2022*.

[13] Dkt. 747, *Order Denying as Moot Motion to Unstrike* [Dkt. 689].

[14] Dkt. 789, *Order Granting Motion for Extension of Time and Staying Post-Trial Supplemental Briefing Deadlines*; Dkt. 796, *Order Granting Motion for Extension of Time*.

[15] Dkt. 797, *Supplemental Brief* in support of Dkt. 685; Dkt. 798, *Supplemental Brief* in support of Dkt. 695; Dkt. 799, *Supplemental Brief* in support of Dkt. 695.

[16] Dkt. 800, *Motion for New Trial*.

[17] *See* Dkt. 820, *MDO Denying [680] Motion for New Trial*; Dkt. 821, *MDO Denying [681] Motion to Dismiss Indictment/Information, Denying [684] Motion to Lower the Conspiracy Quantities of Drugs, Denying [702] Motion for Mistrial*.

[18] Dkt. 685.

3

Prosecution Committed an Important Legal Error,[19] the Motion for Mistrial Because Agent Robert Guillen Testified he Does not Recall the Alleged Confession but was Granted by the Court to Allow his Testimony About it in Front of the Jury,[20] and the Motion for New Trial or Motion to Dismiss Indictment Because the Court and Prosecution Committed a Legal Error.[21]

## LEGAL STANDARDS

Flynn proceeds pro se. While the court "liberally construe[s] pro se pleadings," "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules."[22] Additionally, when a criminal defendant "intelligently and voluntarily waive[s] his Sixth Amendment right of active participation and assistance of trial counsel," that defendant receives "no greater rights than a defendant represented by counsel . . . and the trial court is under no obligation to become an advocate or to assist and guide the pro se layman through the trial thicket."[23]

## ANALYSIS

In separate post-trial motions, Flynn moves to overturn the jury's guilty verdict through a sufficiency of the evidence challenge,[24] requests a mistrial based on the alleged improper exclusion of evidence,[25] requests a mistrial based on the testimony of Officer Robert Guillen,[26] and moves for a new trial or dismissal of the Indictment based on an alleged defect in the Second

---

[19] Dkt. 691.

[20] Dkt. 695.

[21] Dkt. 800.

[22] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted); *see also United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019) (applying same standard to pro se criminal defendant).

[23] *United States v. White*, 68 F. App'x 870, 874–75 (10th Cir. 2003) (citing *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977) (internal quotation marks omitted)).

[24] Dkt. 685, *Motion to Overturn*.

[25] Dkt. 691, *Motion for Mistrial I*.

[26] Dkt. 695, *Motion for Mistrial II*.

4

Superseding Indictment.[27]  The court will address each motion in turn, beginning with the relevant legal standards before analyzing the individual requests for relief.

### I. Motion to Overturn the Jury's Verdict

Flynn argues the court should overturn the jury's guilty verdict and enter a verdict of not guilty because the evidence presented at trial was insufficient to prove the charges beyond a reasonable doubt.[28]  In response, the United States contends Flynn's Motion is a renewed Rule 29 motion raising the same arguments he raised at the close of the United States' case-in-chief.[29]  The court correctly denied this motion at trial and, the United States argues, should do so again here.[30]  The court agrees.

While Flynn does not expressly characterize it as such, the court construes his Motion as a renewed motion for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure.  The present Motion repeats the arguments he made in his oral Rule 29 Motion at trial.[31]  Rule 29 provides that following the close of either the government's evidence or all evidence, "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."[32]  "Evidence is sufficient to support a conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom,

---

[27] Dkt. 800, *Motion for New Trial.*

[28] *Motion to Overturn* at 1–3.

[29] Dkt. 735, *United States' Memorandum in Opposition to Defendant's Motion to Overturn the Verdict* at 1.

[30] *Id.* at 2.

[31] *See Trial Transcript Day 6* at 1110–19.

[32] Fed. R. Crim. P. 29(a).

taken in a light most favorable to the government."[33] The court does not "weigh conflicting evidence or second-guess the fact-finding decisions of the jury."[34]

Flynn argues the United States did not adequately prove a conspiracy to distribute methamphetamine and heroin, and the evidence concerning the firearms charges was not sufficient to sustain a conviction.[35] He details these arguments in his Supplemental Brief on the Motion but adds nothing not previously argued and decided by the court.[36] These are the same arguments he raised in his oral Rule 29 Motion at trial.[37] There, the court denied Flynn's Motion, concluding that between "wiretaps and the direct testimony of someone who is an alleged coconspirator who says that he engaged in this conspiracy with" Flynn, there was sufficient evidence to support a conviction.[38] The court acknowledged Flynn's challenges raised questions concerning the credibility and weight of the evidence—which he could argue to the jury—but those were not issues for the court to resolve.[39]

The court's conclusion concerning Flynn's renewed Motion is the same. The United States presented evidence sufficient to support the jury's conviction. Conflicting evidence and issues of credibility are "common during criminal trials and a defendant is not entitled to reversal

---

[33] *United States v. Schene*, 543 F.3d 627, 639 (10th Cir. 2008) (quoting *United States v. Nelson*, 383 F.3d 1227, 1229 (10th Cir. 2004)).

[34] *United States v. Summers*, 414 F.3d 1287, 1293 (10th Cir. 2005) (citing *Van Nattan v. United States*, 357 F.2d 161, 162 (10th Cir. 1966)).

[35] *Motion to Overturn* at 1–3.

[36] Dkt 789, *Motion of a Supplemental Brief Introducing Trial Transcript Testimony to the Defendant's Motion to Overturn the Jury's Verdict of Guilty to Not Guilty on all Counts.*

[37] *See Trial Transcript Day 6* at 1110–11 ("Therefore, the government has not met their burden to prove beyond a reasonable doubt that I conspired to sell methamphetamines and heroin beyond a reasonable doubt. And I never possessed a 380 pistol between November 26th, 2015, until December 17th, 2015 as my indictment states. Therefore, the possession and the furtherance of that firearm was not proven beyond a reasonable doubt.").

[38] *Id.* at 1116.

[39] *Id.*

of his conviction as a result."[40] When reviewing challenges to the sufficiency of the evidence, the court resolves "conflicts in the evidence in favor of the government and assumes the jury found the government's evidence credible."[41] It is not for the court to "weigh conflicting evidence or consider witness credibility, as that duty is delegated exclusively to the jury."[42] Flynn identified what he thought to be conflicts and inconsistencies in the United States' evidence. He explored those conflicts and inconsistencies through cross-examination. He highlighted them again in his closing argument. However, a reasonable jury could have resolved some or all credibility and reliability issues against Flynn and found the evidence sufficient to convict him beyond a reasonable doubt. That is what the jury did here. Flynn's Motion to Overturn the Jury's Verdict[43] is DENIED.

## II. Motion for a Mistrial Due to Evidentiary Rulings

The court next takes up Flynn's Motion for a Mistrial [Because] the Court and Prosecution Committed an Important Legal Error.[44] Flynn argues a mistrial is warranted because the court improperly ruled on evidentiary objections raised by the United States when Flynn attempted to introduce prior inconsistent statements of witnesses.[45] In response, the United States argues the court correctly determined the statements were inadmissible hearsay and there

---

[40] *United States v. Goodman*, 827 F. App'x 826, 831 (10th Cir. 2020).

[41] *Id.* (citing *United States v. Williamson*, 53 F.3d 1500, 1516 (10th Cir. 1995)).

[42] *United States v. Castorena-Jaime*, 285 F.3d 916, 933 (10th Cir. 2002) (citing *United States v. Sanders*, 240 F.3d 1279, 1281 (10th Cir. 2001)).

[43] Dkt. 685, *Motion to Overturn*.

[44] Dkt. 691, *Motion for Mistrial*.

[45] *Id.* at 1.

is no caselaw supporting Flynn's request for a mistrial.[46] The court agrees with the United States.

A district court may exercise its discretion to grant a mistrial "only when a defendant's right to a fair and impartial trial has been impaired."[47] When a defendant's grounds for a mistrial hinge on evidentiary rulings, the defendant must show any error "substantially" and "adversely" prejudiced him.[48] Errors in evidentiary rulings are only "prejudicial if it can be reasonably concluded that with or without such evidence, there would have been a contrary result."[49] In other words, a motion for mistrial "call[s] for an examination of the prejudicial impact of an error or errors when viewed in the context of an entire case."[50]

Flynn does not specifically point the court to evidentiary rulings he contends impaired his right to a fair and impartial trial. And, though given the opportunity, he did not file a supplemental brief highlighting portions of the trial transcript relevant to his concerns. He simply argues "statements made by witnesses in police reports is [sic] admissible as a prior inconsistent statement, and Mr. Flynn wanted to offer it into evidence to cast doubt on the accuracy of the witness's [sic] testimony."[51] As the United States points out, Flynn repeatedly attempted to impeach witnesses with the hearsay statements of others.[52] However, he never established these out-of-court statements qualified as non-hearsay under Federal Rule of

---

[46] Dkt. 739, *United States' Memorandum in Opposition to Defendant's Motion for a Mistrial Alleging the Court and Prosecutor Committed an Important Legal Error* (*Opposition to Mistrial I*) at 2.

[47] *United States v. Gabaldon*, 91 F.3d 91, 93 (10th Cir. 1996) (quoting *United States v. Torres*, 959 F.2d 858, 860 (10th Cir. 1992)).

[48] *Vincent v. Nelson*, 51 F.4th 1200, 1213 (10th Cir. 2022) (quoting *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1297 (10th Cir. 1988)).

[49] *Weaver v. Blake*, 454 F.3d 1087, 1091 (10th Cir. 2006) (quoting *Hinds v. Gen. Motors Corp.*, 988 F.2d 1039, 1049 (10th Cir. 1993)).

[50] *United States v. Merida*, 828 F.3d 1203, 1209 (10th Cir. 2016) (quoting *Gabaldon*, 91 F.3d at 94).

[51] *Motion for Mistrial I* at 2.

[52] *Opposition to Mistrial I* at 3.

Evidence 801(d)(1), governing prior statements by a declarant-witness.[53] Accordingly, the court appropriately exercised its discretion in sustaining the United States' objections and Flynn offers no evidence now to suggest otherwise. Moreover, Flynn points to no authority suggesting that, even assuming the court erred in excluding the evidence, this prejudicially impaired Flynn's right to a fair trial such that a mistrial would be warranted. Despite the liberal construction the court affords Flynn's pro se Motions, "the court will not construct arguments or theories for [Flynn] in the absence of any discussion of those issues."[54]

Therefore, Flynn's Motion for a Mistrial [Because] the Court and Prosecution Committed an Important Legal Error[55] is DENIED.

### III.   Motion for Mistrial Because of the Guillen Testimony

Next, the court considers Flynn's Motion for Mistrial relating to the testimony of Officer Robert Guillen.[56] Flynn argues a mistrial is warranted because the court erred in allowing Guillen to testify concerning Flynn's confession.[57] In an evidentiary hearing outside the presence of the jury, the court determined Guillen could testify because Flynn's confession was voluntary. Upon cross-examination before the jury, Guillen then testified he could not recall specific details of Flynn's confession. The United States contends these gaps in memory did not render Guillen's testimony inadmissible or otherwise call into question his competency to testify.

---

[53] Fed. R. Evid. 801(d)(1).

[54] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[55] Dkt. 691.

[56] Dkt. 695, *Motion for Mistrial II*; Dkt. 799, *Supplemental Brief to Motion Dkt 695 for a Mistrial Because Agent Robert Guillen Could not Recall the Specifics of the Alleged Confession* (*Supplemental Brief to Mistrial II*).

[57] *Supplemental Brief to Mistrial II* at 1.

Rather, issues with Guillen's recollection went to the weight and credibility jurors should afford his testimony.[58]  Again, the United States is correct.

As set forth above, a district court may exercise its discretion to grant a mistrial "only when a defendant's right to a fair and impartial trial has been impaired."[59]  When a defendant's grounds for a mistrial hinge on the court's evidentiary rulings, the defendant must show any error "substantially" and "adversely" prejudiced him, considering the case as a whole.[60]

Here, Flynn's right to a fair and impartial trial has not been impaired because he has failed to show any error, prejudicial or otherwise.  As the United States correctly argues, the gaps in Guillen's recollection do not render his testimony inadmissible.  Flynn has raised this argument repeatedly—at trial[61] and in his post-trial motions[62]—and as the court has explained each time, any issues with Guillen's testimony were "classic matters" of weight and credibility for the jury to decide.[63]  That conclusion has not changed.

Guillen was competent to testify concerning his conversation with Flynn following Flynn's arrest.  When Flynn requested the court instruct the jury to disregard Guillen's testimony during the jury instruction conference, the court acknowledged Guillen's testimony "was confusing and at times possibly inconsistent."[64]  However, "those are matters that are classic matters for the jury to resolve, his credibility and what it is he said . . . Those are classic jury

---

[58] Dkt. 804, *United States' Memorandum in Opposition to Defendant's Supplemental Brief Re Motion for a Mistrial [Dkt. 695 & 799]* (*Opposition to Mistrial II*) at 3–4.

[59] *Gabaldon*, 91 F.3d at 93 (quoting *United States v. Torres*, 959 F.2d 858, 860 (10th Cir. 1992)).

[60] *Vincent*, 51 F.4th at 1213 (quoting *Sanjuan*, 160 F.3d at 1297); *See also Merida*, 828 F.3d at 1209.

[61] *See Trial Transcript Day 7* at 10.

[62] *See* Dkt. 797, *Supplemental Brief in Support of [Dkt. 680] Motion for a New Trial* at 19.

[63] *Trial Transcript Day 7* at 10; *See also* Dkt. 820, *Memorandum Decision and Order Denying [Dkt. 680] Motion for New Trial* at 27–28 (rejecting Flynn's argument court erred in refusing to instruct the jury to disregard Guillen's testimony because issues were classic jury questions concerning weight and credibility and jury was properly instructed regarding their duty to evaluate witness testimony).

[64] *Id.*

questions."[65]  The court instructed Flynn he could highlight those issues in his closing argument, but they were fundamentally questions of weight, not admissibility.[66]  Flynn did this.[67]  The court instructed the jury to "carefully scrutinize" the testimony of each witness and evaluate "every matter in evidence which tends to show whether a witness is worthy of belief."[68]

Heeding the court's guidance and hearing Flynn's argument, the jury decided these questions of Guillen's credibility against Flynn—or simply concluded there was sufficient evidence to support a conviction, even after discounting Guillen's testimony.  This conclusion was well within the prerogative of a reasonable jury and it is not for the court to "decide credibility issues or reweigh the evidence."[69]  Flynn understandably desires a different outcome, but that does not constitute a prejudicial impairment warranting a mistrial.

Accordingly, Flynn's Motion for a Mistrial[70] relating to the testimony of Officer Guillen is DENIED.

### IV.     Motion for a New Trial or a Dismissal of the Indictment

Lastly, the court turns to Flynn's Motion for a New Trial.[71]  Flynn argues he should be granted a new trial or dismissal of the Indictment because the Second Superseding Indictment did not include a serial number for the Cobra Enterprise .380 caliber handgun it alleged he unlawfully possessed.[72]  Flynn contends the lack of serial number rendered the Indictment and

---

[65] *Id.*

[66] *Id.*

[67] *Id.* at 96–99.

[68] Dkt. 674, *Jury Instructions* at 16 (Instruction No. 15).

[69] *United States v. Cushing*, 10 F.4th 1055, 1065 (10th Cir. 2021) (quoting *United States v. Johnson*, 821 F.3d 1194, 1201 (10th Cir. 2013)).

[70] Dkt. 695.

[71] Dkt. 800.

[72] *Id.* at 2; *See* Dkt. 371, *Second Superseding Indictment* at 2–3.

11

subsequent conviction defective.[73] The United States responds that Flynn's Motion fails because it is untimely and meritless.[74] The court again agrees with the United States.

Under Federal Rule of Criminal Procedure 33, upon a defendant's motion, the court may "grant a new trial if the interest of justice so requires."[75] However, a motion for a new trial "is not regarded with favor and should be granted only with great caution."[76] If the grounds for a new trial are based on anything other than newly discovered evidence, a defendant must file the motion "within 14 days after the verdict or finding of guilty."[77] "This deadline is rigid."[78]

A jury found Flynn guilty on August 3, 2022.[79] He filed several post-trial motions—including two other motions for a new trial[80]—within the fourteen days allotted by Rule 33(b)(2). He filed the present Motion for a New Trial on June 5, 2023. This far exceeds Rule 33's "rigid" fourteen-day deadline. Accordingly, Flynn's Motion for a New Trial is denied as untimely, and the court need not address the merits.

Construing his Motion liberally, Flynn also appears to offer an alternative argument challenging the sufficiency of the Indictment under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure.[81] This too fails. "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must

---

[73] *Motion for New Trial* at 2–3.

[74] Dkt. 805, *United States' Memorandum in Opposition to Defendant's Motion for a New Trial or to Dismiss the Indictment* at 1.

[75] Fed. R. Crim. P. 33(a).

[76] *United States v. Custodio*, 141 F.3d 965, 966 (10th Cir. 1998) (quoting *United States v. Stevens*, 978 F.2d 565, 570 (10th Cir. 1992)).

[77] Fed. R. Crim. P. 33(b)(2).

[78] *Eberhart v. United States*, 546 U.S. 12, 13 (2005).

[79] Dkt. 672.

[80] Dkt. 680; Dkt. 682.

[81] *Motion for New Trial* at 2–3.

defend, and enables the defendant to assert a double jeopardy defense."[82] Though "the failure of an indictment to state an offense is a fatal defect that may be raised at any time,"[83] the Tenth Circuit instructs that "tardily-challenged indictments be construed in favor of validity."[84] Indeed, "after a verdict or plea of guilty, every intendment must be indulged in support of the indictment."[85]

The Second Superseding Indictment adequately apprised Flynn of the charged offenses, even without stating the serial number of the Cobra Enterprise handgun. Count three, asserting a violation of § 924(c), clearly lays out the elements of the offense and, among other things, states Flynn "did knowingly possess a firearm, specifically, a Cobra Enterprise .380 caliber pistol, in furtherance of a drug trafficking crime."[86] Similarly, count four, asserting a violation of § 922(g)(1), clearly lays out the elements of the charged offense and states that Flynn, "knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, a Cobra Enterprise. 380 caliber handgun."[87] There is no ambiguity in this language and Flynn was on notice of the charges he had to defend against—a serial number was not necessary for this. Therefore, there are no defects in the Indictment and Flynn's request is DENIED.

---

[82] *United States v. Washington*, 653 F.3d 1251, 1259 (10th Cir. 2011) (quoting *United States v. Gama-Bastidas*, 222 F.3d 779, 785 (10th Cir. 2000)).

[83] *United States v. Freeman*, 813 F.2d 303, 304 (10th Cir. 1987).

[84] *United States v. Washington*, 653 F.3d 1251, 1259 (10th Cir. 2011) (citation omitted).

[85] *Gama-Bastidas*, 222 F.3d at 786 (quoting *Clay v. United States*, 326 F.2d 196, 198 (10th Cir. 1963)).

[86] Dkt. 371, *Second Superseding Indictment* at 2–3.

[87] *Id.* at 3.

## CONCLUSION

For the reasons stated above:

- Flynn's Motion to Overturn the Jury's Verdict of Guilty to a Verdict of Not Guilty on All Counts or at Least Make the Right Decisions[88] is DENIED.

- Flynn's Motion for a Mistrial [Because] the Court and Prosecution Committed an Important Legal Error[89] is DENIED.

- Flynn's Motion for a Mistrial Because Agent Robert Guillen Testified he Does not Recall the Alleged Confession but was Granted by the Court to Allow his Testimony About it in Front of the Jury[90] is DENIED.

- Flynn's Motion for a New Trial or a Dismissal of the Indictment Because the Court and Prosecution Committed a Legal Error[91] is DENIED.

SO ORDERED this 27th day of November 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[88] Dkt. 685.

[89] Dkt. 691.

[90] Dkt. 695.

[91] Dkt. 800.