IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER FLYNN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cr-00056-RJS-5<br><br>District Judge Robert J. Shelby |

Pending before the court is Defendant Christopher Flynn's Motion requesting "the court to provide requested discovery material that the United States has disclosed, provided and has in their possession" to "Defendant to raise his post-conviction motions and a rule 33 motion."[1]  The Motion enumerates 35 categories of evidence that Flynn seeks.[2]  Because the court lacks jurisdiction, the Motion is DISMISSED.

### BACKGROUND

In August 2022, a jury convicted Flynn of multiple drug and firearm violations.[3]  Flynn appealed, and the Tenth affirmed his convictions on August 20, 2025.[4]  The deadline to file a cert petition was November 18, 2025.[5]  No petition was filed, and his conviction became final

---

[1] Dkt. 911, *Motion Requesting Discovery of the Case and to Perserve Material Evidence of the Case for Purpose of Post Conviction Motions and a Rule 33 Motion to be Filed by the Defendant* (*Motion*).

[2] *Id.* at 5–11.

[3] Dkt. 673, *Jury Verdict*; Dkt. 679, *Modification of Docket as to Jury Verdict*.  Flynn was convicted of Conspiracy to Distribute Methamphetamine, Conspiracy to Distribute Heroin, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Possession of a Firearm by a Convicted Felon.  *Modification of Docket as to Jury Verdict*.

[4] *United States v. Flynn*, No. 22-4124, 2025 WL 206234 (10th Cir. Aug. 20, 2025).

[5] Sup. Ct. R. 13 (providing 90 days to file a petition for a writ of certiorari, which begins running from the date the order is entered and not the issuance date of the mandate).

thereafter.  On February 9, 2026, Flynn filed the Motion.[6]  The United States timely filed its

Response on February 17, 2026.[7]

**JURISDICTION**

This is a court of limited subject matter jurisdiction.[8]  The court "may only hear cases

when empowered to do so by the Constitution and by act of Congress."[9]  United States district

courts have jurisdiction over criminal cases,[10] but this jurisdiction ends upon entry of the final

judgment.[11]  As the movant, Flynn bears the burden of establishing this court's jurisdiction.[12]

"When the district court lacks jurisdiction over a motion, the proper disposition is 'dismissal'

rather than 'denial.'"[13]

Flynn does not specifically provide a source for this court's jurisdiction.[14]  The court had

jurisdiction over Flynn's criminal case under 18 U.S.C. § 3231, but this jurisdiction ended when

his conviction became final in November 2025.  The Motion generally invokes Flynn's

constitutional rights.[15]  But, as the Tenth Circuit explained in a similar case, the Constitution

does not confer jurisdiction to "order a third-party to produce documents in a closed criminal

---

[6] *Motion*.

[7] Dkt. 912, *United States' Response to Defendant's Motion for Discovery*.

[8] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[9] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

[10] 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

[11] *United States v. Benitez*, 720 Fed. App'x 509, 510 (10th Cir. 2018) (unpublished) (citing *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016), then citing *United States v. Spaulding*, 802 F.3d 1110, 1116–17 (10th Cir. 2015)).

[12] *United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018).

[13] *Benitez*, 720 Fed. App'x at 511 (citing *City of Boulder v. Snyder*, 396 F.2d 853, 856 (10th Cir. 1968)).

[14] *See Motion*.

[15] *Id.* at 2–3 (invoking due process clause and "other constitutional law safeguard[s]"); *see also id.* at 12 ("I believe that I have a constitutional right to my discovery material requested in this motion to have provided to the defendant to prepare any postconviction motions and a rule 33 motion.").

case."[16]  Because the Motion does not provide a source for this court's jurisdiction, Flynn fails to satisfy his burden.

Accordingly, the Motion[17] is DISMISSED for lack of jurisdiction.

SO ORDERED this 6th day of April, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[16] *Benitez*, 720 Fed. App'x at 510.

[17] Dkt. 911.