IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | Case No. 2:16-cr-00056-RJS-5 |
| CHRISTOPHER KENNETH FLYNN, | District Judge Robert J. Shelby |
| Defendant. | |

Pending before the court are Defendant Christopher Flynn's seven Motions requesting the court (1) provide "disclosure of grand jury transcripts and exhibits,"[1] (2) waive his fees,[2] (3) "unseal documents and provide the record,"[3] (4) "provide transcripts" of various hearings,[4] (5) "unlodge, unseal," and "formally file" dockets 644 and 6149,[5] (6) provide "the original ex parte motion to unseal wiretap content" and "any accompanying documents to the authorization of the interception of communications,"[6] and (7) "provide Document 556, 556-1, 556-2 and the

---

[1] Dkt. 914, *Motion for Disclosure of Grand Jury Transcripts and Exhibits Pursuant to Fed. R. Crim. P. 6(e)(3)(E)(ii)* (*Grand Jury Motion*).

[2] Dkt. 917, *Motion to Request My Fees Waived to the Clerk of the Court Copy Fees to My Court Documents Because My Indigent Status and No Source of Income* (*Fees Motion*).

[3] Dkt. 918, *Motion to Unseal Documents and Provide the Record* (*Unseal Motion*).

[4] Dkt. 919, *Motion to be Provided Transcripts to the Hearings in Doc 376, 354, 358, 586, 589, 593, 606, 620, 638, 642, 659, 657, 668, 669, 670, 671, 672, 706, 707, 721, 783* (*Hearing Transcripts Motion*).

[5] Dkt. 920, *Motion to Un-lodge and Unseal Docket 644 and Docket 619 and Formally File the Documents* (*Unlodge Motion*).

[6] Dkt. 921, *Request for a Certified Copy of the Original Ex Parte Motion to Unseal Wiretap Content Docket 556-1 and 556-2, and the Application and Affidavit and Order and Any Accompanying Documents to the Authorization of the Interception of Communications to Wireless Number 801-244-1441 Target Christpher Kenneth Flynn Authorized by Judge Paul Parker Pursuant to 18 U.S.C. § 2518(9) Requires Production* (*Certified Copy Motion*).

1

wiretap evidence to telephone 801-244-1441" (collectively, Motions).[7]  Because Flynn fails to

establish this court's jurisdiction, the Motions are DISMISSED.

## BACKGROUND

In August 2022, a jury convicted Flynn of multiple drug and firearm violations.[8]  The

court sentenced him to 236 months' imprisonment, followed by five years of supervised release.[9]

Flynn appealed, and the Tenth Circuit affirmed his convictions on August 20, 2025.[10]  No

petition was filed, and his conviction became final on November 18, 2025.[11]  On February 9,

2026, Flynn filed a pro se motion seeking discovery,[12] which the court dismissed for failure to

provide a source for the court's jurisdiction.[13]

Between May 11, 2026 and June 1, 2026, Flynn filed the Motions.[14]  On May 22, 2026,

the United States filed a timely response as to the first motion.[15]

## JURISDICTION

This is a court of limited subject matter jurisdiction.[16]  The court "may only hear cases

---

[7] Dkt. 923, *Request the Clerk of Court to Provide Document 556, 556-1, 556-2, and the Wiretap Evidence to Telephone 801-244-1441* (*Wiretap Evidence Motion*).

[8] Dkt. 673, *Jury Verdict*; Dkt. 679, *Modification of Docket as to Jury Verdict*.  Flynn was convicted of Conspiracy to Distribute Methamphetamine, Conspiracy to Distribute Heroin, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Possession of a Firearm by a Convicted Felon.  *Modification of Docket as to Jury Verdict*.

[9] Dkt. 774, *Judgment as to Christopher Kenneth Flynn*.

[10] *United States v. Flynn*, No. 22-4124, 2025 WL 206234 (10th Cir. Aug. 20, 2025).

[11] Sup. Ct. R. 13 (providing 90 days to file a petition for a writ of certiorari, which begins running from the date the order is entered and not the issuance date of the mandate).

[12] Dkt. 911, *Motion Requesting Discovery of the Case and to Preserve Material Evidence of the Case for Purpose of Post Conviction Motions and a Rule 33 Motion to be Filed by the Defendant*.

[13] Dkt. 913, *Memorandum Decision and Order*.

[14] *See Motions*.

[15] Dkt. 916, *United States' Response to Defendant's Motion for Grand Jury Materials [ECF 914]*.

[16] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

when empowered to do so by the Constitution and by act of Congress."[17]  United States district courts have jurisdiction over criminal cases,[18] but this jurisdiction ends upon entry of the final judgment.[19]  "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule."[20]  As the movant, Flynn bears the burden of establishing this court's jurisdiction.[21]  "When the district court lacks jurisdiction over a motion, the proper disposition is 'dismissal' rather than 'denial.'"[22]

The Motions do not specifically provide a source for this court's jurisdiction.[23]  The court had jurisdiction over Flynn's criminal case under 18 U.S.C. § 3231, but this jurisdiction ended when his conviction became final in November 2025.[24]  Three of the motions cite no legal authorities. [25]  The failure to cite any authority for jurisdiction fails to satisfy Flynn's burden. Three of the Motions generally invokes Flynn's constitutional rights.[26]  But, as the Tenth Circuit explained in *United States v. Benitez*,[27] the Constitution does not confer jurisdiction to consider post-conviction motions in a closed criminal case.[28]  Finally, the Grant Jury Motion relies on the

---

[17] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

[18] 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

[19] *United States v. Benitez*, 720 Fed. App'x 509, 510 (10th Cir. 2018) (unpublished) (citing *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016), then citing *United States v. Spaulding*, 802 F.3d 1110, 1116–17 (10th Cir. 2015)).

[20] *United States v. James*, 728 Fed. App'x 818, 822 (10th Cir. 2018).

[21] *United States v. Garcia-Herrera*, 894 F.3d 1219, 1220 (10th Cir. 2018); *see also United States v. James*, 728 Fed. App'x 818, 821 (10th Cir. 2018) (requiring pro se criminal defendant to identify the basis of the district court's jurisdiction).

[22] *Benitez*, 720 Fed. App'x at 511 (citing *City of Boulder v. Snyder*, 396 F.2d 853, 856 (10th Cir. 1968)).

[23] *See generally Motions*.

[24] *See Benitez*, 720 Fed. App'x at 510.

[25] *See Unseal Motion*; *Unlodge Motion*; *Certified Copy Motion*.

[26] *Fees Motion* at 2; *Hearing Transcripts Motion* at 2; *see also Wiretap Evidence Motion* at 2.

[27] 720 Fed. App'x 509 (10th Cir. 2018).

[28] *Benitez*, 720 Fed. App'x at 510.

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii).[29]  But, as the Tenth Circuit explained in *United States v. McDaniel*,[30] the district court does not have jurisdiction to consider a Rule 6(e)(3)(E)(ii) motion under the Federal Rule or § 3231 after a conviction becomes final.[31]  The movant instead must identify another "authority that would allow the district court to exercise jurisdiction over [the] motion."[32]  Failure to do so results in dismissal.[33]  Because none of the Motions identify a valid source of this court's jurisdiction, Flynn fails to satisfy his burden.

For the reasons explained above, the Motions[34] are DISMISSED for lack of jurisdiction. Since this case became final in November 2025, Flynn has filed eight post-conviction motions. All of which the court has dismissed for failing to establish the court's jurisdiction.  Any future motion that Flynn seeks to file must contain an explicit section identifying the legal source of this court's jurisdiction.  Motions that do not contain such a section will be lodged and will not be considered by the court.

SO ORDERED this 8th day of June, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[29] *Grand Jury Motion* at 4.  The Grant Jury Motion also cites various case law for the substantive violations but fails to provide any source for this court's jurisdiction.  *See id.* at 4–6, 9–11.

[30] 764 Fed. App'x 829 (10th Cir. 2019).

[31] *See id.* at 830.

[32] *Id.*

[33] *Id.*

[34] Dkt. 914; Dkt. 918; Dkt. 919; Dkt. 920; Dkt. 917; Dkt. 921; Dkt. 923.